### LINDEMANN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term. December 22, 1909.)

INSURANCE (§ 665*)—LIFE INSURANCE—FRAUDULENT REPRESENTATIONS—EVIDENCE.

In an action on a life policy, void if the representations in the application were false, evidence of the falsity of representations, as shown by the letter of a physician found among the proofs of death offered in evidence by plaintiff, and to which no objection was made by him until after the court's charge, though he knew that the letter was in evidence, *held* to justify the setting aside of a verdict for plaintiff.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

Goff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Ellen Lydia Lindemann against the Metropolitan Life Insurance Company. From an order setting aside a verdict for plaintiff and granting a new trial, she appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

McLaughlin & Stern (Alonzo G. McLaughlin and Leo C. Stern, of counsel), for appellant.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for respondent.

GIEGERICH, J. The plaintiff sues as the beneficiary of a policy of insurance issued by the defendant upon the life of her husband. The defense was that by reason of false and fraudulent representations in the application for the insurance the policy was void.

The plaintiff put the policy in evidence, proved the payment of premiums, and called upon the defendant company to produce the proofs of death previously filed with it. The defendant's counsel then produced four papers, fastened together, which were thereupon offered in evidence as the proofs of death by the plaintiff's attorney. Amongst those papers was a letter, purporting to be signed by the resident physician of Seton Hospital in the city of New York, and stating that "Mr. J. Linderman" had been an inmate of that hospital from July 25, 1903, to October 1, 1903, and that when admitted to the hospital he had been suffering from pulmonary tuberculosis. The application, dated November 6, 1903, stated that the insured had never been under treatment in any dispensary, hospital, or asylum, and had not been under the care of any physician within two years. The defendant offered no evidence, and the court submitted the case to the jury, who found for the plaintiff. The court set the verdict aside upon the defendant's motion.

It is not clear how the letter of the hospital physician came to be amongst the proofs of death offered by the plaintiff; but it is quite manifest that the paper had been in evidence, and its contents the subject of a very long colloquy between the court and counsel, without any objection upon the part of plaintiff's counsel to the reception of the paper. It was not until after the court had charged the jury that counsel for the plaintiff made any objection to the consideration of the paper, which, as before stated, he quite manifestly knew to be in evidence. He then maintained, as he does now, that he only offered the proofs of death, and that this particular paper was never in evidence. But the minutes of the trial do not sustain him, and, with this letter in evidence, I think the court was fully justified in setting aside the verdict. The statements in the application were so grossly at variance with the facts as shown in the letter, and these facts were of so material a character and so plainly within the applicant's knowledge, that the inference of fraud was practically irresistible, and the trial justice's dissatisfaction with the verdict was natural and proper, and he was justified in setting it aside.

The order must be affirmed, with costs.

LEHMAN, J., concurs in the result.

GOFF, J. (dissenting). Plaintiff's counsel called upon defendant's counsel to produce proofs of death. Defendant's counsel produced a roll of papers, which were marked in evidence as one exhibit. After they were so marked, and after the justice had charged the jury, plain-

tiff's counsel discovered that the roll of papers contained a letter from a doctor setting forth that the "records" of a certain hospital showed that the deceased, before he had made application for the policy of insurance, had been treated therein for tuberculosis. The assumed fact that deceased had been in a hospital, as stated in the letter, was the subject of a colloquy between court and counsel before the charge; defendant's counsel asserting that the statement appeared in the proofs of death, and, although plaintiff's counsel did not deny the statement, there was no such statement in the proofs of death. Plaintiff's counsel did not notice the letter until after the charge. The case was finally submitted to the jury.

Counsel for plaintiff claimed surprise by the introduction of this letter as evidence. Proofs of death were called for, and nothing else. If such roll contained any other paper, could plaintiff be bound by that paper? Counsel may have been remiss in not examining the roll before he introduced it in evidence; but, considering the whole case I do not think that such remissness, so long as the justice's attention was called to it before final submission, should be charged to the plaintiff. The question of fraud, in all such cases, is such an important one that it should be directly litigated. Here it was not. It entered into the case by an adventitious method. This letter of the doctor, if offered as independent evidence, would be clearly incompetent. In my opinion, substantial justice requires that the order should be reversed, with costs.